1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TRACY D. LAWSON,

11         Plaintiff,                    No. 2:11-cv-01163 KJM KJN PS

12         v.

13   CITICORP TRUST BANK, FSB, A
     MEMBER OF CITIGROUP; CR TITLE
14   SERVICES, INC.; PRIMERA
     FINANCIAL SERVICES HOME
15   MORTGAGES, INC.; TIMOTHY
     GEITHNER, SECRETARY OF THE
16   TREASURY, UNITED STATES; ERIC
     HOLDER, U.S. ATTORNEY
17   GENERAL, AS ALIEN PROPERTY
     CUSTODIAN,
18
           Defendants.                   FINDINGS AND RECOMMENDATIONS
19   _____/

20         Presently before the court is plaintiff's "Verified Emergency Motion For

21   Temporary Restraining Order and Preliminary Injunction 2nd Application" ("TRO

22   Application").[1]  For the reasons stated below, the undersigned recommends that plaintiff's TRO

23   Application be denied without prejudice to the refiling of a procedurally proper application for a

24   temporary restraining order and/or preliminary injunction.  In light of the objection and response

25   _____

26      [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  period required by 28 U.S.C. § 636(b)(1) and Local Rules 304(b) and 304(d), and the potential

2  irreparable injury that plaintiff might suffer as early as July 11, 2011, plaintiff shall be permitted

3  to immediately file a procedurally proper application for a temporary restraining order and/or

4  preliminary injunction prior to the resolution of these findings and recommendations by the

5  district judge assigned to this case.

6  I.     BACKGROUND

7           Plaintiff filed this action on May 2, 2011, seeking to, in part, set aside the

8  foreclosure of her home located at 7400 Franklin Boulevard, in Sacramento, California.  (See

9  generally Compl., Dkt. No. 1.)  Along with her complaint, plaintiff filed an application for a

10 temporary restraining order and preliminary injunction, seeking to maintain the status quo and

11 prevent the trustee's sale of her home.  (See Verified Emergency Motion For Temporary

12 Restraining Order and Preliminary Injunction, Dkt. No. 2.)  Plaintiff's first application for

13 emergency relief did not indicate the date of the purported trustee's sale.

14          On May 2, 2011, United States District Judge Kimberly J. Mueller ordered

15 plaintiff: (1) "to notify the court within three (3) days of the date on which the foreclosure is

16 scheduled"; and (2) within twenty-four hours of being served with th[e] order, to provide notice

17 to defendants . . . of the motion for a temporary restraining order and preliminary injunction."

18 (Order, May 2, 2011, at 1, Dkt. No. 6.)  Plaintiff failed to comply with Judge Mueller's May 2,

19 2011 order, and, accordingly, Judge Mueller subsequently denied plaintiff's application for

20 emergency relief.  (See Order, May 12, 2011, Dkt. No. 7.)

21          On June 16, 2011, defendants Citicorp Trust Bank ("Citicorp"), and C.R. Title

22 Services, Inc. ("C.R. Title") filed a motion to dismiss plaintiff's complaint pursuant to Federal

23 Rule of Civil Procedure 12(b)(6).  (Mot. to Dismiss, Dkt. No. 9.)  A hearing on Citicorp's and

24 C.R. Title's motion to dismiss is set for July 28, 2011.

25          On June 24, 2011, plaintiff filed the TRO Application that is pending before the

26 court.  (Dkt. No. 10.)  Plaintiff's TRO Application indicates that she has received written notice

1   that a "sale date is set for 7/11/11." (TRO Application at 3.) Attached to plaintiff's TRO

2   Application is a Notice of Trustee's Sale, which indicates that a trustee's sale of the subject

3   property is scheduled to take place on July 11, 2011, at 1:30 p.m. (Lawson Decl., Ex. A, Dkt.

4   No. 10, Doc. No. 10-1.) Plaintiff's declaration essentially represents that the filing of her

5   application constitutes notice to all defendants of her ex parte TRO Application. (Lawson Decl.

6   at 2.) Plaintiff's Temporary Restraining Order ("TRO") Checklist ("TRO Checklist") indicates

7   that plaintiff has not discussed alternatives to a TRO hearing with defendants or asked defendants

8   to stipulate to a TRO. (TRO Checklist at 1, Dkt. No. 10, Doc. No. 10-2.)

9   II.   LEGAL STANDARDS

10            "A plaintiff seeking a preliminary injunction must establish that he [or she] is

11   likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence

12   of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction

13   is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374

14   (2008); accord Earth Island Institute v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010). The standard

15   that governs the issuance of a preliminary injunction is "substantially identical" to the standard

16   that governs the issuance of a temporary restraining order. See Stuhlbarg Int'l Sales Co. v. John

17   D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001); see also Lockheed Missile & Space Co.,

18   Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) ("The standard for issuing

19   a temporary restraining order is identical to the standard for issuing a preliminary injunction.");

20   accord Cal. Independent Sys. Operator Corp v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111,

21   1126 (E.D. Cal. 2001).

22            Additionally, this court's Local Rules imposes several procedural requirements on

23   applications for emergency relief. Those requirements are contained in Local Rule 231 and the

24   rules referred to therein.

25   III.   DISCUSSION

26            The undersigned recommends that plaintiff's TRO Application be denied on

1   procedural grounds.  Plaintiff's application is procedurally deficient for a number of reasons and,

2   moreover, is confusing in terms of the relief sought.

3          As an initial matter, plaintiff's TRO Application is ambiguous in regards to the

4   party or parties against whom plaintiff seeks emergency relief.  Although the text of her TRO

5   Application seeks emergency relief against defendants Citicorp and C.R. Title, her TRO

6   Checklist lists the sole opposing party as "Bank of America et al."  (Compare TRO Application

7   at 3, with TRO Checklist at 1.)  However, Bank of America is not a named defendant in this

8   action, and it is entirely unclear why plaintiff appears to be seeking relief against Bank of

9   America.

10          In terms of procedural deficiencies, plaintiff failed to file multiple required

11   documents with the court.[2]  Local Rule 231(c) provides:

12      **(c) Documents to Be Filed.**  No hearing on a temporary restraining order
       will normally be set unless the following documents are provided to the
13      Court and, unless impossible under the circumstances, to the affected
       parties or their counsel:
14
       (1) a complaint;
15
       (2) a motion for temporary restraining order;
16
       (3) a brief on all relevant legal issues presented by the motion;
17
       (4) an affidavit in support of the existence of an irreparable injury;
18
       (5) an affidavit detailing the notice or efforts to effect notice to the affected
19      parties or counsel or showing good cause why notice should not be given,
       see L.R. 142;
20
       (6) a proposed temporary restraining order with a provision for a bond, see
21      L.R. 151;

22      (7) a proposed order with blanks for fixing the time and date for hearing a
       motion for preliminary injunction, the date for the filing of responsive
23      papers, the amount of the bond, if any, and the date and hour of issuance,
       see L.R. 137; and
24

25

26      [2]  To the extent that plaintiff is only seeking a preliminary injunction, her application does
     not conform with the notice requirements of Local Rules 144, 230, and 231(d).

1    (8) in all instances in which a temporary restraining order is requested <u>ex</u>
2    <u>parte</u>, the proposed order shall further notify the affected party of the right
     to apply to the Court for modification or dissolution on two (2) days'
3    notice or such shorter notice as the Court may allow. <u>See</u> Fed. R. Civ.
     P. 65(b).

4    First, plaintiff's TRO Application does not include "a brief on all relevant legal

5    issues presented by the motion." E. Dist. Local Rule 231(c)(3). Plaintiff acknowledges through

6    her TRO Checklist that she did not file such a legal brief. (TRO Checklist at 2.) Plaintiff's brief

7    of the legal issues pertaining to the relief sought would be particularly helpful in this case,

8    because plaintiff's complaint asserts numerous wrongs against various defendants. It is unclear

9    which claims for relief plaintiff believes justify emergency injunction relief. A legal brief would

10   potentially assist in the narrowing of issues for the court.[3]

11   Second, plaintiff has not filed a "proposed temporary restraining order with a

12   provision for a bond" as required by Local Rule 231(c)(6), or the proposed order required by

13   Local Rule 231(c)(7). Again, plaintiff's TRO Checklist confirms that plaintiff did not file these

14   documents with the court. (TRO Checklist at 2.)

15   For these reasons, the undersigned recommends that plaintiff's TRO Application

16   be denied. However, plaintiff may file a procedurally sufficient application for a temporary

17   restraining order and/or preliminary injunction.

18   IV.   <u>CONCLUSION</u>

19   For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's

20   "Verified Emergency Motion For Temporary Restraining Order and Preliminary Injunction 2nd

21   Application" (Dkt. No. 10) be denied without prejudice to the refiling of a procedurally proper

22   application for a temporary restraining order and/or preliminary injunction. Again, plaintiff may

23   immediately file a procedurally proper application for a temporary restraining order and/or

24

25   [3]   The undersigned notes that there has been no pre-judging of plaintiff's case or TRO
     Application, and by inviting plaintiff to file a procedurally proper application for a TRO or
     preliminary injunction the undersigned does not intend to convey to plaintiff that her filing of a legal
26   brief would necessarily result in the issuance of a TRO or preliminary injunction.

1   preliminary injunction, notwithstanding the objection and response periods noted below.

2          These findings and recommendations are submitted to the United States District

3   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

4   days after being served with these findings and recommendations, any party may file written

5   objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

6   Such a document should be captioned "Objections to Magistrate Judge's Findings and

7   Recommendations."  Any response to the objections shall be filed with the court and served on

8   all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

9   Failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

11  1153, 1156-57 (9th Cir. 1991).

12          IT IS SO RECOMMENDED.

13  DATED:  June 27, 2011

14

15                              _____
                                KENDALL J. NEWMAN
16                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26