IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACY D. LAWSON,

     Plaintiff,                               No. CIV S-11-1163 KJM-KJN PS

    vs.

CITICORP TRUST BANK; et al.,

     Defendants.                            <u>ORDER</u>

                                    /

          On July 8, 2011, plaintiff filed a third motion for a temporary restraining order, alleging that a trustee's sale of her property located at 7400 Franklin Boulevard, #2, Sacramento, California 95823 is scheduled for July 11, 2011, but that the deed of trust is materially flawed[1] and that defendants do not have the legal authority to foreclose on plaintiff's property. (ECF 17.) This matter was not referred to the assigned magistrate judge as typically provided by Local Rule 302 due to the limited time frame for the issuance of an order. By minute order, defendants were given until 8:00 a.m. on July 11, 2011 to file an opposition to the motion. (ECF 18.)

---

[1] As will be discussed in detail below, insofar as plaintiff's claims are premised upon the allegedly invalid deed, plaintiff wholly fails to substantiate her claims as she has not attached the deed or any documentation relating to the loan.

1

Defendants filed an opposition. (ECF 19 & 20.) For the following reasons,[2] plaintiff's third motion for a temporary restraining order is hereby DENIED.

I.   STANDARD

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical").

//////

//////

//////

//////

//////

---

[2] The court notes that plaintiff's motion is defective for several reasons, none of which the court relies on in issuing the present denial. These include plaintiff's failure to provide a separate proposed temporary restraining order and proposed order as required by Local Rule 231(c)(6) and (7), instead of apparently combining the two orders into one proposed order; plaintiff's misleading declaration that she "has not previously applied for" a temporary restraining order; and plaintiff's identifying of the incorrect date for the trustee's sale – April 11, 2011 – in her memorandum of points and authorities.

## II.     ANALYSIS

Plaintiff is not likely to succeed on the merits.[3]  Plaintiff contends that defendants lack standing to foreclose.  Specifically, plaintiff contends that the lender listed on the deed of trust, Primerica Financial Services Home Mortgages, Inc. ("Primerica"), "was not the actual lender or source of the monies that funded the loan [which in actuality] came from investors." (ECF 17 at 10.)[4]  Rather, plaintiff maintains, Primerica was the broker for obtaining plaintiff's signature on the loan documents and therefore "was merely a servicer on the loan [and as such] does not have legal standing to foreclose on" plaintiff's home.  (*Id*.)  Plaintiff does not indicate who the purported "investors" are, nor does she provide any evidence to support this contention.  As such, plaintiff does not meet her burden of showing she is likely to prevail on the merits of her contention that Primerica lacks standing to foreclose.  In any event, as plaintiff admits, Primerica is listed as the lender on the deed – therefore, Primerica has standing to foreclose on plaintiff's house.  *Parcay v. Shea Mortg. Inc*., 2010 WL 1659369, at *12 (E.D. Cal. Apr. 23, 2010) ("A deed of trust generally involves three parties, the borrower/trustor . . . who conveys the right to sell the property to the trustee for the benefit of the lender/beneficiary.  The practical effect is the creation of a lien on the subject property.  Notwithstanding that the right of sale is

/////

---

[3] The court notes that the arguments set forth in plaintiff's memorandum of points and authorities are not tethered to the allegations of her complaint (ECF 1); the court analyzes the arguments made in the memorandum.  Suffice it to note that plaintiff is unlikely to succeed on the merits of the allegations in the complaint insofar as they are based on her assertion that the loan she received is not of real value due to the fact that President Franklin Delano Roosevelt took the country's currency off the gold standard in 1933.  (Compl. ¶¶ 14-17.)  *See, e.g.*, *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 212-14 (D.Conn. 2010) (discussing the "vapor money" theory advanced here by plaintiff, stating it has been "universally and emphatically rejected by numerous federal courts for at least the last 25 years"); *see also DeLaRosa v. Agents for Int'l Monetary Fund*, 1995 U.S. Dist. LEXIS 16111, at *8-9 (E.D. Cal. Oct. 16, 1995) ("The United States Congress has the power to make anything it wishes legal tender.").

[4] When the court cites to specific pages of plaintiff's motion for a temporary restraining order, the court is citing to the CM/ECF page numbers, not those provided by plaintiff.

formally with the trustee, both the trustee and the beneficiary may commence the non-judicial foreclosure process.").

Furthermore, plaintiff contends that the deed is defective because Mortgage Electronic Registration Systems, Inc. ("MERS") was erroneously named the nominal beneficiary for Primerica, yet "nowhere within the four corners of this document is there a reference to an agency appointment, agreement, or expressed or implied agency of MERS to the lender." (ECF 17 at 11.) Plaintiff relies upon California Civil Code sections 2306, 2309 and 2932.5 to support this contention. Two of these sections are irrelevant to plaintiff's motion: Section 2306, which states "[a]n agent can never have authority . . . to do an act which is . . . to be a fraud upon the principal"; and section 2309, which states "[a]n oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing can only be given by an instrument in writing." The language in the third section, section 2932.5, relied upon by plaintiff refers to the requirement that the assignment of the power of sale by the assignee be "duly acknowledged and recorded." Plaintiff's assertion in this regard is meritless for several reasons. For one, "[s]ection 2932.5 applies to mortgages, not deeds of trust." *Parcay*, 2010 WL 1659369, at *12. Aside from this defect, a requirement that the lender specifically reference an agency relationship when naming a nominal beneficiary simply does not exist. Although the deed is not in the record before the court, plaintiff's own assertion that MERS was named the nominal beneficiary in the deed supports the conclusion that MERS is indeed the nominal beneficiary.

Moreover, plaintiff contends that because Primerica did not file a deed of reconveyance assigning the conveyance to Citicorp Trust Bank ("CTB"),[5] CTB "is a third party with no pecuniary interest in the mortgage loan and has no legal standing to foreclose" on

---

[5] This portion of plaintiff's memorandum of points and authorities is unclear. First, plaintiff refers to CTB as the invalidly assigned trustee. (ECF 17 at 11.) However, later in this paragraph, plaintiff indicates that CR Title Services, Inc. ("CRT") was the invalidly assigned trustee. (*Id*. at 12.)

4

1  plaintiff's home.  (ECF 17 at 11.)  Rather, she says, CTB's assignment as trustee is invalid
2  because the substitution of trustee was signed by MERS, not Primerica, the lender.  (*Id*.)
3  Plaintiff maintains, "[e]ven if MERS were a valid nominee, nowhere in the Deed of Trust or the
4  Note does it state or even imply that a nominee of the Lender may [assign a trustee]."  (*Id*. at 12.)
5  Thus, the notice of default and notice of trustee sale filed by CRT[6] are defective.  (*Id*.)
6  "'California Civil Code Section 2934a authorizes the beneficiary to substitute the trustee.'"
7  *Wurtzberger v. Resmae Mortg. Corp.*, 2010 U.S. Dist. LEXIS 51751, at *13 (E.D. Cal. Apr. 29,
8  2010) (quoting *Martinez v. America's Wholesale Lender*, 2010 U.S. Dist. LEXIS 23615, at *4
9  (N.D. Cal. Mar. 15, 2010)).  "[A] typical deed of trust give [sic] [the benificiary] the power to
10 assign the beneficial interest as nominee." *Castillo v. Skoba*, 2010 U.S. Dist. LEXIS 92636, at
11 *2 (S.D. Cal. Sep. 7, 2010).  While plaintiff contends that neither the trust nor the note states that
12 MERS may assign a trustee, as plaintiff has not attached either document, plaintiff "has failed to
13 meet [her] burden of showing that the deed of trust does not give MERS the power to transfer the
14 beneficial interest."  *Id*. at *3.

15         Plaintiff further contends that defendants are not the beneficiaries of the
16 mortgage, but are acting as trustees of the REMIC [Real Estate Mortgage Investment Conduit]
17 Loan Pool Trust.  (ECF 17 at 12.)  Plaintiff provides no evidence to support this contention.
18 "The argument that parties lose their interest in a loan when it is assigned to a trust pool has . . .
19 been rejected by many district courts."  *Lane v. Real Estate Indus. Group*, 713 F. Supp. 2d 1092,
20 1099 (E.D. Cal. 2010).  On the current record, this court is not prepared to consider going against
21 the prevailing trend.

22         Although "loss of a home is a serious injury . . . whether a particular foreclosure
23 constitutes irreparable harm turns in part on the reasons for the foreclosure."  *Hester v. PHH*
24 *Mortg.*, 2010 U.S. Dist. LEXIS 84628, at *9-10 (E.D. Cal. Jul. 26, 2010) (internal quotations

---

26     [6] *See* note 5 *supra*.

5

1  omitted).  Plaintiff has not "clearly explained the circumstances that led to [her] present
2  predicament . . . ."  *Id.* at *10.  Furthermore, as plaintiff has provided no evidence to support any
3  of her contentions, the balance of equities decidedly does not tip in her favor, nor would granting
4  a temporary restraining order in this matter be in the public interest.
5           For the foregoing reasons, plaintiff's motion for a temporary restraining order is
6  DENIED.
7           IT IS SO ORDERED.
8  DATED: July 11, 2011.

_____
UNITED STATES DISTRICT JUDGE