IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACY D. LAWSON,

      Plaintiff,                    No. 2:11-cv-01163 KJM KJN PS

      v.

CITICORP TRUST BANK, FSB, A MEMBER OF CITIGROUP; CR TITLE SERVICES, INC.; PRIMERA FINANCIAL SERVICES HOME MORTGAGES, INC.; TIMOTHY GEITHNER, SECRETARY OF THE TREASURY, UNITED STATES; ERIC HOLDER, U.S. ATTORNEY GENERAL, AS ALIEN PROPERTY CUSTODIAN,

      Defendants.                FINDINGS AND RECOMMENDATIONS
_____/

        Presently before the court is a motion to dismiss plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) filed by defendants CitiCorp Trust Bank ("CitiCorp Trust") and C.R. Title Services, Inc. ("C.R. Title"), in which defendant Primerica Financial Services, Inc. ("Primerica") joins (collectively, "Mortgage Defendants").[1]  The court heard the Mortgage Defendants' motion on its law and motion calendar on July 28, 2011.  Attorney

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Claudia L. Williams appeared on behalf of the Mortgage Defendants.  Plaintiff, who is proceeding without counsel, appeared on her own behalf.

The undersigned has considered the briefs, oral arguments, and appropriate portions of the record in this case and, for the reasons stated below, recommends that the Mortgage Defendants' motion to dismiss be granted, that all of plaintiff's claims alleged against the Mortgage Defendants be dismissed with prejudice, and that the Mortgage Defendants be dismissed from this action.  The undersigned further recommends *sua sponte*[2] that plaintiff's claim or claims against the two remaining named defendants—Timothy Geithner, the Secretary of the U.S. Department of the Treasury, and Eric Holder, Jr., the Attorney General of the United States—be dismissed with prejudice.

I.     BACKGROUND

The operative pleading in this action is plaintiff's "Petition to Set Aside and Void Foreclosure Claim, Cancel Note and Mortgage, Claim in Recoupment, Quiet Title, and for Declaratory and Injunctive Relief," which is referred to herein as the "complaint." (Dkt. No. 1.) Plaintiff alleges that on October 17, 2006, she obtained a loan in the amount of $94,180.24 from CitiCorp Trust, which is secured by the property located at 7400 Franklin Boulevard #2, in Sacramento, California.  (See Compl. ¶¶ 8-9.)  Although plaintiff does not allege any facts about the status of the foreclosure proceedings, a Notice of Trustee's Sale attached to plaintiff's second application for a temporary restraining order indicates that a trustee's sale was scheduled for July 11, 2011.  (Lawson Decl. In Supp. of Appl. for TRO, Ex. A, Dkt. No. 10, Doc. No. 10-1.) Plaintiff represented at the July 28, 2011 hearing that she believed the trustee's sale actually occurred on July 11, 2011.  Plaintiff alleges that she has made several tenders of the "purported debt," which were conditioned on a demand of "validation of the debt."[3]  (Compl. ¶ 9e.)

---

[2]  Neither Geithner nor Holder has appeared in this action.

[3]  Plaintiff cites to an attached "Exhibit 'A,'" but no such exhibit is attached to the complaint.

1    Plaintiff alleges very few facts about the loan she acquired and the foreclosure
2 proceedings that followed.  Additionally, plaintiff does not allege how C.R. Title or Primerica are
3 involved in this case.[4]  Instead, plaintiff offers several theories in support of her allegations,
4 including that she never received consideration for her monthly payments, that she was
5 fraudulently induced into entering the loan agreement, and that the foreclosing parties had no
6 standing to foreclose on her property.  (See, e.g., Compl. ¶¶ 11, 15-17, 19, 25-26.)  Plaintiff's
7 commonly offered (and commonly rejected) theories include that the Mortgage Defendants did
8 not produce the "original note" and is thus not the "original note holder" or "holder in due
9 course," that she never received "real dollars" in the loan transaction including funds in the form
10 of "US Silver Coin," and that the United States of America has been bankrupt since 1933 when it
11 took its currency off of the gold standard.

12    Plaintiff alleges eleven un-numbered claims for relief against the Mortgage
13 Defendants, which consist of claims: (1) to set aside the foreclosure (Compl. ¶¶ 22-34); (2) of
14 "failure of consideration" (id. ¶¶ 35-37); (3) of usury (id. ¶¶ 38-40); (4) of breach of contract (id.
15 ¶¶ 41-45); (5) of "ultra vires" actions (id. ¶¶ 46-47); (6) of "indefiniteness of contract" (id. ¶¶ 48-
16 49); (7) of "unconscionability" (id. ¶¶ 50-52); (8) of fraud (id. ¶¶ 53-57); (9) of cancellation of
17 the promissory note (id. ¶¶ 58-59); (10) of "following trust property into its product," which
18 appears to be a claim for imposition of a constructive trust (id. ¶¶ 60-62); and (11) for violation
19 of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. (id.
20 ¶¶ 63-69).  Plaintiff seeks myriad forms of relief, including compensatory damages, punitive
21 damages, declaratory relief, and injunctive relief.  (See id. ¶¶ 77-98.)

22    On May 2, 2011, plaintiff filed her complaint along with an application for a
23 temporary restraining order.  Plaintiff filed a total of three unsuccessful applications for a
24 temporary restraining order, two of which were denied or otherwise rejected on procedural

---

[4] Plaintiff only alleges facts relating to the states of incorporation of C.R. Title and Primerica, and identifies a Primerica account number of "# 000034453314." (Compl. ¶¶ 7b-7c, 9b.)

3

1  grounds.  (See Order, May 12, 2011, Dkt. No. 7; Findings & Recommendations, June 27, 2011,
2  Dkt. No. 13; Order, July 11, 2011, Dkt. No. 22.)  The district judge assigned to this matter,
3  United States District Judge Kimberly J. Mueller, denied plaintiff's third application for
4  emergency relief on the merits of that application despite the fact that the application was once
5  again procedurally defective.  (See Order, July 11, 2011, at 2 n.2.)  In rejecting plaintiff's third
6  application, Judge Mueller analyzed plaintiff's arguments contained in an accompanying
7  memorandum of points and authorities, which were "not tethered to the allegations of
8  [plaintiff's] complaint."  (See id. at 3 n.3.)  Judge Mueller's order also stated: "Suffice it to note
9  that plaintiff is unlikely to succeed on the merits of the allegations in the complaint insofar as
10 they are based on her assertion that the loan she received is not of real value due to the fact that
11 President Franklin Delano Roosevelt took the country's currency off the gold standard in 1933."
12 (Id. (citations omitted).)

13          Meanwhile, and prior to the filing of plaintiff's third application for emergency
14 relief, CitiCorp Trust and C.R. Title filed the motion to dismiss that is presently before the court.
15 (Mot. to Dismiss, Dkt. No. 9.)  Primerica filed a notice of joinder in CitiCorp Trust's and C.R.
16 Title's motion.  (Notice of Joinder, Dkt. No. 16.)  Plaintiff filed a timely written opposition to the
17 motion.  (Pl.'s Opp'n, Dkt. No. 11.)

18 II.     LEGAL STANDARDS

19          A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)
20 challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase
21 Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard
22 of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and
23 plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see
24 also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a
25 motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts
26 to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d

4

1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

      A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). These circumstances include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (citation and quotation marks omitted); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.") (citation and quotation marks omitted). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124 (citing Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted and modification in original).

5

1  The court must construe a pro se pleading liberally to determine if it states a claim
2  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
3  opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See
4  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica
5  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on a motion to dismiss pursuant to
6  Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings,
7  exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor
8  Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and
9  quotation marks omitted).

III. DISCUSSION

A. Plaintiff's Claims Premised on the Purported Failure to Lend "Real Money" or the "Vapor Money" Theory Should Be Dismissed

Nearly all of plaintiff's claims rely on the theory that plaintiff was not loaned "real dollars" or "real money," such as a gold-backed currency or U.S. Silver Coin, in connection with the loan transaction.  Various expressions of this theory underlie plaintiff's claims for "failure of consideration" (claim 2), usury (claim 3), breach of contract (claim 4), "ultra vires" (claim 5), "indefiniteness of contract" (claim 6), "unconscionability" (claim 7), fraud (claim 8), and violation of the RICO statute (claim 11).  The undersigned recommends that all of these claims be dismissed with prejudice because plaintiff's reliance on this "vapor money" theory is legally unsupported.[5]

The theory that underlies plaintiff's second, third, fourth, fifth, sixth, seventh, eighth, and eleventh claims for relief has come be known as the "vapor money" theory.  A

---

[5] Plaintiff's seventh claim for relief for "unconscionability" is subject to dismissal for the additional reason that the doctrine of unconscionability is a defense, not an affirmative claim.  See, e.g., Argueta v. J.P. Morgan Chase, ___ F. Supp. 2d ___, No. CIV. 2:11–441 WBS GGH, 2011 WL 1376701, at *5 n.5 (E.D. Cal. Apr. 12, 2011); Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1037 (N.D. Cal. 2010); Maguca v. Aurora Loan Servs., No. SACV 09-1086 JVS (ANx), 2009 WL 3467750, at *5 (C.D. Cal. Oct. 28, 2009) (unpublished).

magistrate judge of this court summarized this theory as follows: "The 'vapor money' theory provides that since 1933 and the New Deal, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender. Those proceeding under the 'vapor money' theory contend that all loans not based on legal tender are not collectible." Kuder v. Wash. Mut. Bank, No. CIV S-08-3087 LKK DAD PS, 2009 WL 2868730, at *3 & n.5 (E.D. Cal. Sept. 2, 2009) (unpublished) (citations omitted). This same allegation is central to plaintiff's complaint. (See Compl. ¶ 14 ("It is Petitioner's contention that the United States is and has been in a bankruptcy since at least 1933 . . . . As part of the 'New Deal' the United Stated [sic] borrowed 33 million non-redeemable Federal Reserve Notes from the Federal Reserve and at that time a new form of currency entered into circulation in the system of commerce."); see also id. at ¶ 15 (alleging that "Federal Reserve Notes have no intrinsic value"); id. ¶ 16 ("When Petitioner applied for the loan and was funded on the loan, he [sic] understood and believed he [sic] was being loaned 'money', meaning money of exchange that was redeemable and had intrinsic value; when in reality he [sic] was purchasing credit from the Federal Reserve, through the lender, in the form of Negotiable Instruments, or specifically, Federal Reserve Notes."); id. ¶ 37 ("Mortgage Defendants did not pay the value, as agreed to in the Note, to the parties that they agreed to lend the money to. What Mortgage Defendants provided to the alleged borrower was a promise to pay value in the form of Negotiable Instruments. These Negotiable Instruments in and of themselves contained no value but were merely promised to pay all value at a later date. As no value was parted with at the formation and completion of the loan agreement and alleged contract. [sic] Any alleged contract evidenced by such Promissory Note is inherently invalid."); id. ¶ 66 ("Said Defendants regularly engage in cooperative efforts to deprive the public of property and cash under an elaborate scheme or artifice where the unaware public unknowingly enters into contracts under fraudulent terms wherein they are systematically loaned credit when they were led to believe that they were being loaned real money, and are thereby placed into peonage and usury due to a lack of consideration

by the mortgage company.").) Plaintiff's 23-page complaint is replete with expressions of the vapor money theory.[6]

As Judge Mueller noted in her order denying plaintiff's third application for a temporary restraining order, plaintiff is "unlikely to succeed on the merits of the allegations in the complaint insofar as they are based on her assertion that the loan she received is not of real value due to the fact that President Franklin Delano Roosevelt took the country's currency off the gold standard in 1933." (Order, July 11, 2011, at 3 n.3.) Indeed, the vapor money theory has been thoroughly rejected by district courts in California as legally unsupported—even "frivolous"—and not sufficient to support claims for relief such as the ones forwarded by plaintiff. See Kuder, 2009 WL 2868730, at * 3 (collecting cases and stating that "plaintiff's claims are premised on the so-called 'vapor money' theory which has been consistently rejected by federal courts as frivolous"); Alejo v. Mozilo, No. CV 09-680 PSG (CTx), 2009 WL 692001, at *3 (S.D. Cal. Mar. 16, 2009) (unpublished) ("[Plaintiff] used the loan funds to purchase her home and has only come forward after default and initiation of foreclosure proceedings with her theory attacking the mortgage on her 'vapor money' theory. Courts have uniformly rejected similar claims and even sanctioned pro se litigants for pursuing this 'frivolous' and 'improbable' theory.") (citation omitted); see also Davis v. Citibank W., FSB, No. 10-cv-04477-LHK, 2011 WL 1086055, at *4 (N.D. Cal. Mar. 24, 2011) (unpublished) ("Plaintiffs' illusory loan theory has been referred to as the 'vapor money' theory. Such claims have been brought and rejected across the United States for over 25 years."); accord Castillo v. Skoba, No. 10cv1838 BTM, 2011 WL 2081564, at *1 (S.D. Cal. May 25, 2011) (unpublished); Agra v. OneWest Bank FSB, No. CV 09-3641 PSG (PJWx), 2009 WL 3526585, at *3-4 (S.D. Cal. Oct. 23, 2009) (unpublished).

The undersigned finds persuasive the decisions that have uniformly rejected the vapor money theory that is central to nearly all of plaintiff's claims. Accordingly, the

---

[6] Ironically, at the July 28, 2011 hearing, plaintiff admitted that she has a checking account and uses cash, as opposed to gold or silver coins, to transact business on a daily basis.

8

undersigned recommends that plaintiff's claims for "failure of consideration" (claim 2), usury (claim 3), breach of contract (claim 4), "ultra vires" (claim 5), "indefiniteness of contract" (claim 6), "unconscionability" (claim 7), fraud (claim 8), and violation of the RICO statute (claim 11) be dismissed.  Given that the central premise of plaintiff's claims is legally unsupported, the undersigned finds that it would be futile to provide plaintiff with leave to amend.  Thus, the undersigned recommends that the dismissal of these claims be with prejudice.  See Silverman v. Lewis, No. C 09-00543 JW, 2009 WL 951797, at *1-2 & n.3 (N.D. Cal. Apr. 7, 2009) (unpublished) (dismissing the following claims with prejudice where each claim was premised on the vapor money theory: "(1) To Set Aside Foreclosure Claim and Foreclosure Sale; (2) Failure of Consideration; (3) Usury; (4) Breach of Contract; (5) Ultra Vires; (6) Indefiniteness of Contract; (7) Unconscionability; (8) Fraud; (9) Cancellation; (10) Following Trust Property Into Its Product; (11) Violation of RICO; (12) Criminal Wrongdoing").[7]

   B. <u>Plaintiff's Claims Premised on the Failure to Produce the Promissory Note Should Be Dismissed</u>

Plaintiff's first claim for relief seeks to set aside the foreclosure of her property. (Compl. ¶¶ 22-34.)  Her ninth claim for relief seeks the related remedy of cancellation of the promissory note related to plaintiff's loan.  (Id. ¶¶ 58-59.)  At the heart of these claims is plaintiff's contention that the Mortgage Defendants have no standing or authority to foreclose on plaintiff's property because they have not produced the "original note" and are not "holders in due course" of any financial instrument that requires plaintiff's performance and on which they

---

[7] Because plaintiff's claims for fraud and violations of the RICO statute are subject to dismissal with prejudice as a result of plaintiff's reliance on the frivolous vapor money theory, the undersigned does not address the Mortgage Defendants' additional arguments as to those claims in any detail.  It is enough to state that, as to all of plaintiff's fraud-based claims, the Mortgage Defendants' argument that plaintiff failed to plead her claims of fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b) is well-taken.  Plaintiff has not pled the who, what, when, where, and how of the misconduct charged.  See Kearns, 567 F.3d at 1124.

can exercise a claim.[8] (See id. ¶¶ 24-26, 30.) The undersigned recommends that plaintiff's first and ninth claims for relief be dismissed with prejudice because they are premised on a legally untenable theory that has been squarely rejected by district courts in California.

Plaintiff's "holder in due course" theory is not cognizable under California law. California law "does not require possession of the note as a precondition to non-judicial foreclosure under a Deed of Trust." Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 WL 2136969, at *2 (N.D. Cal. July 16, 2009) (unpublished); see also Bennett v. One West Bank, No. 10cv1884–BTM (RBB), 2011 WL 2493699, at *5 (S.D. Cal. June 23, 2011) (unpublished) ("Plaintiff contends that foreclosure would be invalid because Defendants do not possess the original note. This holder in due course argument has been consistently rejected by the courts. It is well-settled under California law that non-judicial foreclosures can be commenced without producing the original promissory note.") (citations omitted); accord Ngoc Nguyen, 749 F. Supp. 2d at 1035; McCain v. Bank of Am., NA, No. CIV 10-1266 JAM KJM PS, 2010 WL 4323044, at *1 (E.D. Cal. Oct. 26, 2010) (unpublished) (collecting cases); De Valle v. Mortgage Bank of Cal., No. CV-F-09-1316 OWW/DLB, 2010 WL 1813505, at *13 (E.D. Cal. May 5, 2010) (unpublished) (collecting cases); Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009). Accordingly, plaintiff's claim to set aside the foreclosure, and her related claim for cancellation, fail as a matter of law and should be dismissed with prejudice.

Additionally, plaintiff's unlawful foreclosure claim fails because plaintiff has not alleged that she unconditionally tendered the full amount owed on the loan. "Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness." Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) (citations and quotation marks

---

[8] Also underlying plaintiff's first and ninth claims for relief are allegations of fraud, failure of consideration, and other allegations premised on the lack of a valid contract. (See Compl. ¶¶ 28-29, 33.) Plaintiff's arguments are premised on the vapor money theory and, as discussed above, lack merit.

omitted); see also Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 92 Cal. Rptr. 851 (Ct. App. 1971)). A tender must be one of full performance and must also be unconditional. Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 580, 205 Cal. Rptr. 15, 18 (Ct. App. 1984). The California Court of Appeal has held that the tender rule applies in an action to set aside a trustee's sale for irregularities in the sale notice or procedure and has stated that "[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." FPCI RE-HAB 01 v. E & G Invs., Ltd., 207 Cal. App. 3d 1018, 1021, 255 Cal. Rptr. 157, 160 (Ct. App. 1989). Furthermore, a party must allege full tender "in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Savs. Bank, 43 Cal. App. 4th 1101, 1109, 51 Cal. Rptr. 2d 286, 292 (Ct. App. 1996), cert. denied 519 U.S. 1081 (1997); see also Arnolds Mgmt. Corp., 158 Cal. App. 3d at 579, 205 Cal. Rptr. at 18 ("A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender" (citation omitted)). This rule also generally applies to a claim to cancel a voidable sale under a deed of trust. See Karlsen, 15 Cal. App. 3d at 117, 92 Cal. Rptr. at 854 ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.").

Here, plaintiff alleges that she has tendered the "purported debt." (Compl. ¶ 9e.) However, plaintiff's allegation of tender is defective in two respects. First, plaintiff's allegation of tender does not state that she tendered the full amount of the indebtedness. Indeed, at the hearing on the Mortgage Defendants' motion to dismiss, plaintiff represented that she would not have been able to actually pay the entire amount of the indebtedness. Second, plaintiff's alleged tender was conditioned on the validation of her debt by the Mortgage Defendants. Plaintiff's tender must be unconditional. Accordingly, plaintiff's claim to set aside the foreclosure fails for

11

this additional reason.

   C. <u>Plaintiff's Claim for Cancellation of the Promissory Note Should be Dismissed</u>

   Plaintiff's ninth claim for relief seeks cancellation of the promissory note that underlies her original loan.  (See Compl. ¶ 59.)  Although the undersigned already addressed plaintiff's claim for cancellation above, the undersigned recommends that this claim be dismissed for the additional reasons stated below.

   District courts have persuasively concluded that cancellation of an instrument is an equitable remedy and not an independent basis for liability.  See, e.g., <u>Gwin v. Pac. Coast Fin. Servs.</u>, No. 09cv2734 BTM (BLM), 2010 WL 1691567, at *4 (S.D. Cal. Apr. 23, 2010) (unpublished) ("Cancellation is an equitable remedy."); <u>Qureshi v. Countrywide Home Loans, Inc.</u>, No. C 09-4198 SBA, 2010 WL 841669, at *7 (N.D. Cal. Mar. 10, 2010) (unpublished) ("A request to cancel a trustee's deed is a request for a remedy as opposed to an independent cause of action.") (citing <u>Porter v. Superior Court</u>, 73 Cal. App. 3d 793, 799, 141 Cal. Rptr. 59 (Ct. App. 1977)); <u>Yazdanpanah v. Sacramento Valley Mortgage Group</u>, No. C 09-02024 SBA, 2009 WL 4573381, at *6 (N.D. Cal. Dec. 1, 2009) (unpublished) ("A request to cancel the trustee's deed is 'dependent upon a substantive basis for liability, [and it has] no separate viability.'") (modification in original) (quoting <u>Glue-Fold, Inc. v. Slautterback Corp.</u>, 82 Cal. App. 4th 1018, 1023 n.3, 98 Cal. Rptr. 2d 661, 663 n.3 (Ct. App. 2000)).  Based on the foregoing authorities, the undersigned recommends that plaintiff's claim for cancellation be dismissed with prejudice.

   Additionally, as pled, the success of plaintiff's claim for cancellation is contingent on the success of her other claims.  Because the undersigned has concluded that plaintiff's other claims for relief are subject to dismissal with prejudice, plaintiff's claim for cancellation should be dismissed as well.  See <u>Sanchez v. U.S. Bank, N.A.</u>, No. C 09-04506 SI, 2010 WL 670632, at *5 (N.D. Cal. Feb. 22, 2010) (unpublished) (dismissing plaintiff's claim for cancellation where allegations in support of that claim were the same allegations related to the claims that the court had determined failed to state a claim); accord <u>Razawi v. FDIC</u>, No. 2:09-cv-00985-MCE-JFM,

2009 WL 2914120, at *7 (E.D. Cal. Sept. 9, 2009) (unpublished).

### D. Plaintiff's Claim for A Constructive Trust Should be Dismissed

Plaintiff's tenth claim for relief is incoherently labeled "Cause of Action Following Trust Property Into Its Product Against Trustee." (Compl. at 17.) Through this claim, plaintiff appears to seek the imposition of a constructive trust. (See id. ¶¶ 61-62.) The undersigned recommends that this claim be dismissed with prejudice.

Under California law, "[a] constructive trust . . . is an equitable *remedy*, not a substantive claim for relief." PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 398, 58 Cal. Rptr. 3d 516, 527 (Ct. App. 2007); accord Batt v. City & County of San Francisco, 155 Cal. App. 4th 65, 82, 65 Cal. Rptr. 3d 716, 728 (Ct. App. 2007) (stating that a constructive trust is not an independent cause of action); Glue-Fold, Inc., 82 Cal. App. 4th at 1023 n.23, 98 Cal. Rptr. 2d at 663 n.3 (same); see also F.T.C. v. Network Servs. Depot, Inc., 617 F.3d 1127, 1141 (9th Cir. 2010) ("Constructive trust is a form of remedy that is flexibly fashioned in equity to provide relief where a balancing of interests in the context of a particular case seems to call for it" (citation and quotation marks omitted).); Monday v. Saxon Mortgage Servs., Inc., No. CIV. 2:10-989 WBS KJM, 2010 WL 2574080, at *6 (E.D. Cal. June 25, 2010) (unpublished). "A plaintiff seeking imposition of a constructive trust must show: (1) the existence of a res (property or some interest in property); (2) the right to that res; and (3) the wrongful acquisition or detention of the res by another party who is not entitled to it." Mattel, Inc. v. MGA Entm't, Inc., 616 F.3d 904, 909 (9th Cir. 2010) (citing Communist Party of U.S. v. 522 Valencia, Inc., 35 Cal. App. 4th 980, 41 Cal. Rptr. 2d 618, 623-24 (Ct. App. 1995)).

Based on the foregoing, the undersigned recommends dismissal of plaintiff's tenth claim for relief with prejudice because it is not an independent claim. Additionally, plaintiff's entitlement to the equitable relief sought in her tenth claim is contingent on the success of her other claims and, as discussed above, all of plaintiff's claims are subject to dismissal with prejudice.

E.   Plaintiff's Claims Against Geithner and Holder Should Be Dismissed

Plaintiff's complaint makes clear that her claim or claims against defendants U.S. Treasury Secretary Geithner and U.S. Attorney General Holder are premised and contingent on her theories of relief asserted in support of her claims against the Mortgage Defendants. As discussed above, plaintiff's theories are meritless. Accordingly, the undersigned recommends *sua sponte* the dismissal of plaintiff's claim or claims against U.S. Treasury Secretary Geithner and U.S. Attorney General Holder with prejudice even thought those defendants have not yet appeared in the action.[9]

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss plaintiff's complaint filed by defendants CitiCorp Trust Bank and C.R. Title Services, Inc. (Dkt. No. 9), in which defendant Primerica Financial Services, Inc. joins (Dkt. No. 16), be granted.

2. All of plaintiff's claims alleged against defendants CitiCorp Trust Bank, C.R. Title Services, Inc., and Primerica Financial Services, Inc. be dismissed with prejudice.

3. Plaintiff's claims against defendants Timothy Geithner, the Secretary of the U.S. Department of the Treasury, and Eric Holder, Jr., the Attorney General of the United States be dismissed with prejudice.

---

[9] The court may dismiss a plaintiff's claim *sua sponte* for failure to state a claim on which relief can be granted if it grants the plaintiff an opportunity to oppose the dismissal. See Lee v. City of L.A., 250 F.3d 668, 683 n.7 (9th Cir. 2001) (noting that a trial court may dismiss a claim *sua sponte* for failure to state a claim if it gives notice of its intention to dismiss and affords the plaintiff an opportunity to at least submit a written memorandum in opposition to such a motion) (citing Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987), and Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)); accord R.K., ex. rel. T.K. v. Hayward Unified Sch. Dist., No. C 06-07836, 2007 WL 2778730, at *7 (N.D. Cal. Sept. 21, 2007) (unpublished) (raising the sufficiency of a claim *sua sponte*, but permitting the parties to file supplemental briefs); Miller v. Davis, 420 F. Supp. 2d 1108, 1115 (C.D. Cal. 2006) (dismissing with prejudice claim asserted against party who had been served but had not yet appeared in the action), aff'd by 521 F.3d 1142 (9th Cir. 2008), and 272 Fed. Appx. 628 (9th Cir. 2008), cert. denied, 129 S. Ct. 306 (2008). Plaintiff's opportunity to file objections to these proposed findings and recommendations shall constitute her opportunity to file an opposition to the *sua sponte* dismissal of her claims against Geithner and Holder.

    4. The Clerk of Court be directed to close this case and vacate all future dates in this case.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO RECOMMENDED.

DATED: August 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE