UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRACY D. LAWSON,

Plaintiff - Appellant,

v.

CITICORP TRUST BANK, A Member of Citigroup; et al.,

Defendants - Appellees.

No. 12-15833

D.C. No. 2:11-cv-01163-KJM-KJN
U.S. District Court for Eastern California, Sacramento

**MANDATE**

The judgment of this Court, entered May 29, 2014, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Craig Westbrooke
Deputy Clerk

FILED

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRACY D. LAWSON,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITICORP TRUST BANK, A Member of Citigroup; et al.,<br><br>Defendants - Appellees. | No. 12-15833<br><br>D.C. No. 2:11-cv-01163-KJM-KJN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 13, 2014**

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

Tracy D. Lawson appeals pro se from the district court's judgment dismissing her action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of a

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to amend. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129 (9th Cir. 2013). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

Denial of Lawson's motion for leave to amend her complaint was not an abuse of discretion because amendment would be futile. *See Hartmann*, 707 F.3d at 1130; *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 824 (Ct. App. 2011) (California law does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized" (citation omitted)).

Lawson's contention that the district court held her to the standards of a practicing attorney is not supported by the record.

**AFFIRMED.**